Jason A. Orr (SBN 301764)
jorr@bakerlaw.com
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: 303-861-0600
Facsimile: 303-861-7805

*Attorneys for Defendant*
AMERIPRISE FINANCIAL, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ERIC YARDLEY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AMERIPRISE FINANCIAL, INC.,

Defendant.

Case No. 3:26-cv-03161-BJC-VET

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

*[Filed Concurrently with Defendant's Notice of Motion and Motion to Dismiss Plaintiff's Class Action Complaint]*

Date: 9/14/2026
Judge: Hon. Benjamin J. Cheeks
Courtroom: 3A

Action Filed: 5/20/2026

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201 and in connection with the concurrently filed Motion to Dismiss, Defendant Ameriprise Financial, Inc. ("Ameriprise"), by and through its undersigned counsel, will, and hereby does, respectfully request that the Court take judicial notice of the following materials in connection with Ameriprise's Motion to Dismiss the Class Action Complaint filed by Plaintiff Jaclyn Harty:

1. **Exhibit A** to this Request is a true and correct copy of the Assembly Committee on Privacy and Consumer Protection's report on SB 690 (2025-2026), available at: https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=202520260SB690# (last accessed July 31, 2026).

2. **Exhibit B** to this Request is a true and correct copy of the California Assembly Bill No. 929, Chapter 204, California 2015–2016 Regular Session, available at: https://leginfo.legislature.ca.gov/faces/billPdf.xhtml?bill_id=201520160AB929&version=20150AB92994CHP (last accessed July 31, 2026).

## I. ARGUMENT

In ruling on a motion to dismiss, a court may consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents subject to judicial notice. *Evans v. McCoy-Harris*, No. 2:17-cv-08345-DMG-AGR, 2019 WL 1002512, at *1 (C.D. Cal. Jan. 4, 2019) (citing *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014), *cert. denied sub nom. Cohen v. Nvidia Corp.*, 135 S. Ct. 2349 (2015). The Court may "consider documents that are incorporated by reference but not physically attached to the complaint if they are central to plaintiffs' claim and no party questions their authenticity." *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 882 (C.D. Cal. 2013) (citing

*Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (taking judicial notice of documents incorporated by reference in plaintiff's operative complain when authenticity not questioned). Furthermore, a court "may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Evo Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1321 (C.D. Cal. 2023) (citing Fed. R. Evid. 201).

Federal Rule of Evidence 201(b) provides that a judicially noticed fact must be one "not subject to reasonable dispute" because it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be readily questions. Fed. R. Evid. 201(b). Accordingly, courts have shown willingness to take judicial notice of California Assembly Bills and bill analysis reports as "public legislative documents" that are "clearly noticeable." *Hoffman v. Life Ins. Co. of the Sw.*, 740 F. Supp. 3d 918, 924 (N.D. Cal. 2024) (granting request for judicial notice); *Little Woods Mobile Villa LLC v. City of Petaluma*, 736 F. Supp. 3d 757, 765 (N.D. Cal. 2024) (same). Courts have also shown willingness to take judicial notice of legislative history reports. *Perkins v. Linkedin Corp.*, 53 F. Supp. 3d 1222, 1241 (N.D. Cal. 2014) ("Proper subjects of judicial notice when ruling on a motion to dismiss include legislative history reports."); *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice."). Therefore, judicial notice of **Exhibits A and B** to this Request is proper as each document is a public legislative record whose authenticity is not subject to reasonable dispute. Fed. R. Evid. 201(b)(2).

## II. CONCLUSION

For the foregoing reasons, Ameriprise respectfully requests that the Court take judicial notice of **Exhibits A–B** attached to this Request.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated: August 10, 2026

**BAKER & HOSTETLER LLP**

By: */s/ Jason A. Orr*
Jason A. Orr

*Attorneys for Defendant*
AMERIPRISE FINANCIAL, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES